**Howard PHILLIPS and Bess Phillips, Appellees,**

v.

**W. A. HILL, Appellant.**

**No. 47364.**

Supreme Court of Oklahoma.

July 27, 1976.

Rehearing Denied Nov. 8, 1976.

Vester Songer, Hugo, for appellees.

John Shipp, Shipp & DeWitt, Idabel, for appellant.

IRWIN, Justice:

Appellees, Howard and Bess Phillips (plaintiffs) commenced proceedings to cancel a lease-rental and option to purchase contract wherein plaintiffs were the lessors-optionors and appellant W. A. Hill (defendant) was the lessee-optionee. The trial court determined all factual issues in favor of plaintiffs; cancelled the lease-rental and option to purchase contract; quieted plaintiffs' title; and ordered defendant to surrender immediate possession. Defendant appealed. The Court of Appeals, Division No. 2, affirmed the judgment of the trial court. Defendant seeks certiorari.

The lease-rental and option contract covered approximately 1,400 acres and was for a term of five years. The annual rental of $5,000.00 was payable on January 1 of each year. The option to purchase proviso provided that plaintiffs "do hereby extend and grant unto (defendant) an option and right to purchase said premises for the gross sum of $150.00 per acre delivered; said option to be exercisable at the end of the term; notice of the exercise of said option shall be given in writing * * * prior to the expiration of the end of the lease term."

Plaintiffs' action is predicated on certain alleged breaches of covenants in the lease not to permit or commit waste of the leasehold estate. The lease-rental agreement reserved to plaintiffs a right of re-entry in the event of a breach of covenants concerning waste or the payment of rent when due. Plaintiffs' theory in the trial court was that the defendant, having permitted or committed waste, breached the lease covenants and gave rise to plaintiffs' right to re-enter and to cancel the lease. Contending that the option to purchase was dependent upon the continuation of the lease, plaintiffs asserted that the option to purchase would be forfeited and cancelled were there a valid right of re-entry by the plaintiffs as lessors.

Defendant demurred, and later filed a general denial followed by an answer and cross-petition. Defendant's answer asserted that plaintiffs, should they desire, could accelerate the provisions of the option to purchase. Defendant also alleged that he was ready, willing and able to exercise the option to purchase and would pay plaintiffs the option price including all rentals. Defendant tendered the balance of the rental payments owing for the remainder of the lease term and the full agreed purchase price. Defendant, in his cross-petition, alleged that plaintiffs were attempting to cancel the lease-rental and option to purchase contract in order to take advantage of the rising land values in the area, and that plaintiffs have not and will not suffer any damage by reason of any alleged breach on defendant's part. Defendant sought judgment upholding the contract and quieting title in himself.

The evidence was highly contradictory, much of it centered on a difference of

opinion as to what constituted proper management and use of property. Defendant testified (as alleged in his answer) that he was ready, willing and able to exercise his option to purchase at any time that would be most advantageous to plaintiffs and would pay all the unaccrued rentals under the lease. Defendant also introduced a copy of a letter addressed and mailed to plaintiffs seven days after plaintiffs commenced this action to the same effect.

The trial court determined all factual issues in favor of plaintiffs and applied plaintiffs' legal theories in rendering judgment for plaintiffs. In the journal entry of judgment the trial court found that defendant had:

"* * * breached covenants of the agreement between the parties and that said breaches are material and are such as to effect a forfeiture of said lease agreement and that pursuant to the provisions in the lease, plaintiffs did declare the lease agreement and the entire contract forfeited.

"The court further finds that the provisions for option to purchase said real estate by defendant from the plaintiffs was dependent upon the lease and that the performance of the covenants in the lease by the defendant was the consideration for the option and that by reason of the breaches of the covenants by the defendant, the consideration for the option failed and that the option was terminated with the lease."

The general language of the trial court's journal entry renders it impossible to ascertain from the judgment the specific covenants the trial court found that defendant had breached. However, in view of our conclusions hereafter discussed, we find it unnecessary to consider defendant's contention that the trial court's factual determination in favor of plaintiffs was against the clear weight of the evidence. We will assume arguendo that such finding was not against the clear weight of the evidence.

■ Whether a breach of lease covenants constitutes grounds for forfeiture of an option to purchase depends on the contract, the facts and circumstances surrounding the breach and the facts and circumstances surrounding the exercise of the option to purchase.

49 Am.Jur.2d, Landlord and Tenant, § 385, states in part:

"The determination of whether a breach of the lease by the lessee renders an option to purchase nugatory depends on whether the option and lease are one agreement or are independent. This resolves itself into a problem of construction of the instrument and of determining the intent of the parties. It has been held in some cases that the lease and option provisions were not independent, but constituted parts of one entire contract, and that the breach of the lease amounted to a failure of consideration for an accompanying option to purchase, so that such option was lost, the consideration for the option being the fulfillment of the covenants of the lease by the lessee. Hence a failure to pay rent due under the lease constitutes a failure of consideration for the option and renders it inoperative. Other authorities have reached the conclusion that an option to purchase and the lease are independent or of a dual nature, and thus a breach of the latter has no effect on the former * * *."

Plaintiffs cite *Estfan v. Hawks*, 166 Kan. 712, 204 P.2d 780 (1949), as authority for the proposition that where a lease and option to purchase constitute an entire agreement, the option is dependent upon the lease and if the lease is forfeited, the option is extinguished. In *Estfan*, the lease and option to purchase contract specifically granted to the lessor-owner the "right to terminate said lease upon sixty days written notice." It was this proviso that the Court relied on in determining that the lessor-owner had the right to terminate the lease, irrespective of any breach of the lease covenants by the lessee. The

criteria for the court's determination that the option to purchase did not survive the termination of the lease was "the intention of the parties as determined by a fair construction of the terms and provisions of the contract itself, by the subject matter to which it has reference, and by the circumstances of the particular transaction."

Plaintiffs also cite several cases involving termination of leasehold interests for breach of covenants relating to failure to pay rent, committing or permitting waste and damages to land, etc., where the lessee did not have an option to purchase. There is a material distinction between an ordinary lease-rental agreement and a lease-rental agreement containing an option to purchase. Where only a lease is involved the parties do not contemplate that the lessee will become the owner of the leased premises. The lessor-owner is entitled to the return of his property in the same condition as when first leased except the usual wear and tear. If the lessee commits or permits waste, forfeiture provisions are enforced because money damages would not or may not be adequate. Termination of the lease and re-entry by the lessor-owner are sometimes the only way lessor's interest may be protected.

It is apparent that none of the above reasons for terminating a lease are present in the case at bar. Defendant is ready, willing and able to exercise his option to purchase at any time most advantageous to plaintiffs. Plaintiffs will receive the entire purchase price as specified in the option and all rentals. There is no contention that defendant owes any past rentals. Plaintiffs will receive all the sums due under the contract and plaintiffs will sustain no property damages because defendant will become the owner of the property.

In *Chicago Title & Trust Co. v. Illinois Merchants' Trust Co.*, 329 Ill. 334, 160 N.E. 597 (1928), the Court found that where lease required lessee to clear underbrush and gave lessee option to purchase premises, provision for clearing property was for benefit of property, and not a bonus or condition precedent to lessee's entry into lease, and exercise of option to purchase rendered such work unnecessary. The Court said:

"It cannot be doubted that, so far as the clearing of the brush was a benefit to the property, the exercise of the option rendered such work unnecessary, as whatever benefit the property derived passes to (lessee) or his assignees with the purchase of the property."

In *Keogh v. Peck*, 316 Ill. 318, 147 N.E. 266, 38 A.L.R. 1151 (1925), a lessee sought specific performance of the option provisions of a lease. As a defense, lessor interposed lessee's waste of the leasehold asserting that lessee's acts of waste forfeited the lease and option. Lessee had, prior to the exercise of the option, destroyed a building located on the leasehold so that another structure could be built in its place. The Illinois Court, in granting specific performance to lessee, held that the right of actions for waste against a tenant who has an option to purchase is suspended until it is known that the tenant will not avail himself of the option.

In *Larsen v. Sjogren*, 67 Wyo. 447, 226 P.2d 177 (1951), Larsen (lessee) entered into a lease and option to purchase with the owner-lessor, Sjogren. Larsen sought to exercise the option by a tender which Sjogren refused and Larsen commenced his action for specific performance. As a defense, Sjogren alleged, inter alia, waste and mismanagement of the land. The Wyoming Court held Larsen's exercise of his option to purchase extinguished the lease and all express or implied incidents thereof, terminated the relationship of landlord and tenant, and created relation of vendor and vendee.

Although in both *Keogh* and *Larsen*, supra, the court emphasized the fact that lessee exercised his option to purchase before the owner-lessor complained of the waste, or any breach, we are not persuaded that the timing of the exercise of the option in relation to when the issue of waste or

breach is first raised is controlling. The contract of the parties, the facts and circumstances surrounding the breach of the lease and the exercise of the option to purchase are controlling.

The contract in the case at bar gave a right of re-entry to plaintiffs upon the occurence of either of two classes of circumstances, but contained no specific language relating to cancellation of the lease or forfeiture of the option to purchase. The first grounds for re-entry gave plaintiffs the right of re-entry in the event defendant committed or permitted waste resulting in damage to the leasehold estate. We have already shown that plaintiffs will sustain no property damage because defendant will become the owner of the property. Even if defendant "has pastured or permitted pasture of cattle and horses upon the meadows of said premises, said meadows being best suited for the harvesting of hay", as plaintiffs alleged in their petition, plaintiffs have not and cannot sustain any damage resulting therefrom. Also, even if defendant, as alleged, failed to restore and occupy the dwelling situated on the property, although said dwelling was best suited for such purpose, using it instead to store wet oats, plaintiffs have not and cannot sustain any damage as a result thereof.

The other grounds for re-entry gave plaintiffs the right of re-entry in case of any default in the payment of rent as required by the contract. There is no evidence defendant was ever delinquent in the payment of rent or that such payments were untimely made. Defendant tendered all unaccrued rentals and the purchase price of the property. Plaintiffs will receive all the consideration and benefits for which they bargained. There is simply no breach of any covenant which would justify cancellation of the lease and forfeiture of the option to purchase. Defendant was entitled to judgment on his cross-petition contingent upon his payment to plaintiffs of all sums due as rentals under the terms of the lease and the full purchase price as required by the terms of the option provisions of the contract.

Writ of Certiorari granted; opinion of the Court of Appeals vacated; judgment of the trial court reversed and remanded with instructions to enter judgment for defendant on his cross-petition contingent upon his payment to plaintiffs of all sums due under the lease and option to purchase contract.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., and DOOLIN, J., dissent.